IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARVIN BLOCKER | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-11-1616 |
| WARDEN | * | |
| Defendant | * | |
| | *** | |

**MEMORANDUM**

Pursuant to Court order an amended complaint, along with a Motion to Proceed in Forma Pauperis, were filed in the above-captioned case on September 14, 2011.  ECF No. 2 and 5.  The amended complaint names as Defendants: Caseworker White, Correctional Officer Faris, Sergeant McAlpine, Sgt. Smith, C.D.O. White, Correctional Officer Gorlock, Correctional Officer Portmess, Correctional Officer Bady, Correctional Officer Barnes, Correctional Officer Robinson, Medical Technician Stella, T. Dorcan, Commissary Officer Winters, Zais, Medical Technician Barbara, R. Harris, Gensler, Caseworker White, Growden, Gensler, Keefer, Gorlock, Bennett, Atkins, Med. Tech. Michelle, Smith, Crowe, Hillard, Peters, Fazzenbaker, Davis, Kalbaugh, Lucas, Cable, Cady, Kuhn, Med. Tech. A. Africa, Beachy, Abe, Med Tech. Kelly, Shoemaker, Whetstone, Simpson, Grieves, Sellers, Gurvin, Darby, Comrade, Morgan, Med. Tech. Shauna Upton, Robey, Ickes, Butler, Anderson, Turner, Monica Methiney, Mathews, Lowery, Kennell, Winters, Richards, McKinney, Lawson, Pritts, Emerick, McKenzie, Fisher, Ricks, Friend, Heavenly, Penrod, Ryan, Welsh, Deist, Parsons, Hollins, Bruskey, CDO Simmons, Mallow, Klink, Hetz, Passman, Banks, Larue, and Hassleback.  ECF No. 5 at p. 2.  The amended complaint also includes 41 pages of what appears to be a daily log of statements

made to Plaintiff by inmates to whom he refers as "flunkys" and whom he alleges are harassing him at the behest of Defendants.  The claims include that Defendants are trying to make Plaintiff kill himself; that he is subjected to verbal harassment from officers in order to provoke him so they can assault him and possibly kill him; that officers are tampering with his food, confiscating his legal materials, and interfering with his outgoing and incoming mail.  He claims he is accused of being homosexual and is called a snitch and that the verbal abuse is stressing him out and causing him to feel sick.  ECF No. 1 and 5.

With respect to Plaintiff's claim regarding the mail, this Court issued an Order to Show Cause and Defendant Warden responded.  ECF No. 4 and 13.  The response states there has been no interference with Plaintiff's mail.  ECF No. 13.  Indeed, there has not been an absence of mail from Plaintiff in the instant case, or in another case Plaintiff had pending in this Court at the same time.  *See Blocker v. Warden*, Civ. Action No. AW-09-595 (D. Md.).[1]  In a Reply to Defendant's Show Cause Response, Plaintiff claims staff is retaliating through use of "flunky inmates" who have been told that he is a federal informant and who continue to verbally harass him. ECF No. 14.  In addition, Plaintiff claims his post-conviction papers were confiscated and he cannot go forward with his post-conviction case because he cannot provide the papers to his attorney.  ECF No. 12.

Plaintiff's harassment claims do not state a claim upon which relief may be granted and must be dismissed.  Verbal abuse of inmates by guards, without more, states no claim of assault. *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D. N.C. 1990).  Name-calling and abusive verbal attacks do not violate the constitution.  *See Oltarzewski v. Ruggiero*, 830 F. 2d 136, 139 (9th Cir. 1987); *Collins v. Cundy*, 603 F. 2d 825, 27 (10th Cir. 1979) (sheriff laughed at inmate and threatened to hang him).  Verbal abuse not resulting in harm does not violate constitutional

---

[1] The case was voluntarily dismissed on November 8, 2011.

rights. *See Cole v. Cole*, 633 F. 2d 1083, 1091 (4th Cir. 1980), cited favorably in *Moody v. Grove*, 885 F.2d 865 (4th Cir.1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim). The Constitution does not "protect against all intrusions on one's peace of mind." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir.1991). Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety do not constitute an invasion of any identified liberty interest. *See Emmons v. McLaughlin*, 874 F.2d 351, 354 (6th Cir.1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985) (calling an inmate an obscene name did not violate constitutional rights); *Lamar v. Steele*, 698 F.2d 1286 (5th Cir.1983) ("Threats alone are not enough. A 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."). The vast majority of claims raised in both the Complaint and the Amended Complaint are verbal harassment and do not state a cognizable federal claim.

   Although Plaintiff claims the verbal abuse is retaliatory, it is clear it has not quelled his wherewithal to pursue administrative remedy (ARP) complaints as well as civil lawsuits filed in this Court. *See* ECF No. 1 at Attachment 1. A number of the ARP complaints filed by Plaintiff are frequently dismissed because of the number of previous ARPs filed by Plaintiff. *Id*. Even more were dismissed because Plaintiff did not specify what relief he wanted and did not resubmit the ARP as instructed. Still others were dismissed as malicious. *Id*. Thus, the alleged retaliation has not impinged on Plaintiff's right to access the courts, nor has it intimidated him into abandoning his perennial claim that he is called names and harassed. The negative responses to his ARP complaints are clearly not motivated by retaliation; rather, it is the vexatious nature of

Plaintiff's prolific filing, his unfounded claims, and his failure to request specific relief that have caused the dismissal of his claims.

Plaintiff's claim that he cannot now pursue post-conviction relief because papers were confiscated from him is problematic.  First he admits he has counsel assisting him in pursuing post-conviction relief.  Second, a search of the Maryland Judiciary Case Search website reveals that Plaintiff filed for post-conviction relief twice in the Circuit Court for Baltimore City.[2]  The first petition was filed on June 25, 1997, and was granted on April 13, 1998; the second petition was filed May 4, 2006, denied August 30, 2007, and an application for leave to appeal was denied on August 13, 2010.  *State v. Blocker*, Case No. 192086050 (Balt. City Cir. Ct.).  Thus there appears to be no pending case with which any correctional official has interfered.  Assuming, however, that Plaintiff may actually have a claim that is not reflected on the website, this claim will be dismissed without prejudice.

For the reasons stated, this case will be dismissed by separate Order which follows.

November 17, 2011                                                      /s/
Date                                                                              Alexander Williams, Jr.
                                                                                    United States District Judge

---

[2] *See* http://casesearch.courts.state.md.us/inquiry/inquiry-index.jsp